**WO**                                                                                                                          RP

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Harold Veston Fields, | ) | No. CV 08-133-PHX-MHM (CRP) |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| James Kimble, et al., | ) | |
| Respondents. | ) | |

On January 22, 2008, Petitioner Harold Veston Fields, who is confined in the Arizona State Prison Complex-Eyman, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner did not immediately pay the $5.00 filing fee or file an Application to Proceed *In Forma Pauperis*.

By Order filed February 5, 2008 (Doc. #3), Petitioner was given 30 days from the filing date of the Order to either pay the $5.00 filing fee or file a completed Application to Proceed *In Forma Pauperis*.

**I.     Payment of Filing Fee**

On February 21, 2008, the $5.00 filing fee was paid (Doc. #4). Accordingly, the Court will proceed to review the Petition.

**II.    Petition**

Named as Respondent in the Petition is James Kimble, Deputy Warden. The Attorney

**TERMPSREF**

1  General of the State of Arizona is named as an Additional Respondent.

2  In his Petition, Petitioner challenges his judgment of conviction on April 1, 2005, for
3  Fraudulent Schemes and Artifices and Theft, entered in the Maricopa County Superior Court
4  in matter CR2003-024924-001DT. Petitioner was sentenced to two concurrent 6-year terms
5  of imprisonment.

6  Petitioner presents four grounds in the Petition in support of his request for habeas
7  relief:

8  (1) "Denied adequate and effective assistance and representation of defense
9  counsel, after counsel sought me out as a client";

10  (2) "Counsel erroneously advised Petitioner to change his plea agreement, stating
11  probation would be available";

12  (3) "My counsel['s] failure to prepare and advising me to enter a plea agreement
13  based on his stating that probation was possible and denied me the right to testify";

14  (4) "Trial lawyer declined to provide Petitioner with due process and equal
15  protection of law."[1]

16  Petitioner affirmatively alleges that he has presented the issue in Ground One to the
17  Arizona Court of Appeals. Petitioner alleges that he has not presented the issues in Grounds
18  Two through Four to the Arizona Court of Appeals.

19  Although it appears that Petitioner has not properly exhausted Grounds Two through
20  Four in the state courts as required, it also appears that Petitioner may now be procedurally
21  barred from seeking review in the state courts, and therefore, no additional state remedies
22  remain open to him. In light of the possibility of procedural bar, a summary dismissal would
23  be inappropriate. See Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (remanding where
24  petitioner failed to exhaust claims and it was not clear whether claims were procedurally
25  barred). An answer is therefore required.

---

28  [1] Although Petitioner has not provided any supporting facts with Ground Four, the Court presumes that he is relying on the supporting facts provided in Grounds One through Three.

**III.    Warnings**

    **A.    Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    **B.    Copies**

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that she files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

    **C.    Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    The Clerk of Court **must serve** a copy of the Petition (Doc. #1) and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(2)    Respondents **must answer** the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. Day v. McDonough, 126 S. Ct. 1675, 1684 (2006). If not limited to affirmative

1 defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules
2 Governing Section 2254 Cases.

3     (3)    Petitioner **may file** a reply within 30 days from the date of service of the
4 answer.

5     (4)    This matter is **referred** to Magistrate Judge Charles R. Pyle pursuant to Rules
6 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and
7 recommendation.

8     DATED this 19th day of June, 2008.

_____
Mary H. Murguia
United States District Judge